UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LLOYD P. CORTEZ | CIVIL ACTION NO. 3:10-cv-0844 |
|     LA. DOC #111072 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| SHERIFF LARRY COX, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Lloyd P. Cortez, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 20, 2010. When he filed this suit, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he was incarcerated at the Madison Parish Corrections Center (MPCC), Tallulah, Louisiana. He was released from custody on June 14 and now resides in Holden, Louisiana. Plaintiff sued Madison Parish Sheriff Larry Cox, Major Antonio Johnson, Nurse Wanda Nolan, Dr. Thomas Neumann, and the LDOC claiming that inadequate medical care was provided during plaintiff's incarceration. He prayed for compensatory and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages against a defendant who is immune from suit all as provided by 28 U.S.C. §§1915 and 1915A.

*Background*

Sometime in January 2009 plaintiff, who was an LDOC inmate incarcerated at MPDC,

noticed a "needle size hole" on the big toe of his left foot. Plaintiff requested medical attention but Nurse Nolan opined that the condition was not serious and provided plaintiff with an antibiotic.

Months passed and the toe began to swell and turn black. Plaintiff was examined by Dr. Thomas Neumann who treated the condition for seven or eight months providing "many types of medications" none of which ultimately proved effective.  Plaintiff was eventually sent to the E.A. Conway Hospital in Monroe where he was seen by several physicians. Each physician who examined plaintiff gave "... a different theory of the infection..." At some point, half of the toe was amputated.

According to plaintiff, by mid-May, 2010, when he filed his complaint, the infection spread to the middle toe on the same foot. Plaintiff is being provided medication, but he claims that the dosage of the medication is lower than that prescribed.  He has provided copies of inmate grievances dated March 13, 21, and 24,  2010. In the first grievance plaintiff complained that Dr. Neumann refused to refill plaintiff's prescription for pain medication.  In the second grievance plaintiff claimed that his request for mediation for "a bad cold and fever" had been denied. In the third grievance plaintiff complained that the middle toe on his left foot was swollen and infected and the pain was causing him to lose sleep.

Plaintiff contends that "... this facility should be liable for the negligence in the care that [he has] received in the past..." because he was "... denied proper medical attention..." He prayed for compensatory and punitive damages "... for the neglect [he has] endured..." because of the "cruel and unusual punishment..." he has been forced to endure.

Plaintiff signed his complaint on May 16, 2010.  A little more than one month later he was released from custody.

2

***Law and Analysis***

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2)*. Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous*. Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47

F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. Plaintiff has provided an articulate complaint, a memorandum in support of the complaint, and a copy of the grievance he filed, all of which outline in detail the events which occurred in the summer of 2009 along with plaintiff's theory of liability.

Plaintiff has pleaded the facts needed to resolve this matter on initial review, and those facts have been accepted as true for the purposes of this Report. Further amendment is unnecessary.

### 2. Medical Treatment – Defendants Nolan and Neumann

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  In other words, the plaintiff must show "deliberate indifference" on the part of the defendants.  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447 (5th Cir. 2001) at 458-59 (emphasis supplied) Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves*

4

*v. Collins*, 27 F.3d 174 (5th Cir.1994).

Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet," and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).  Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference.  *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995);  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability.  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act.  Prisoners are not constitutionally entitled to the best medical care that money can buy. See *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.*

Merely alleging that the defendants should have undertaken additional diagnostic measures or utilized an alternative methods of treatment does not elevate the claim to constitutional dimension. *Varnado*, 920 F.2d at 321. See, *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (A disagreement with a doctor over the method and result of medical treatment does not require a finding of deliberate indifference).  Here, plaintiff candidly admits that his condition was diagnosed and treated by Nurse Nolan, Dr. Neumann, and numerous physicians at E.A. Conway Hospital. The fact that his condition may have been mis-diagnosed or even treated incorrectly does not establish deliberate indifference on the part of the health care providers.

Finally, even if the facts alleged are sufficient to establish negligence or even malpractice on the part of the defendants, as has been alleged by plaintiff,  those allegations, taken as true for the purposes of this Report, do not establish deliberate indifference. As previously noted, the failure to alleviate a significant risk that the defendant should have perceived, but did not is insufficient to show deliberate indifference. Compare *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied).  Nor may deliberate indifference be inferred in this instance from the defendants' possibly  negligent or even a grossly negligent response to plaintiff's condition. See *Thompson*, 245 F.3d at 459 (emphasis supplied).

Plaintiff's complaints were not ignored; he was not intentionally treated incorrectly. Indeed, the pleadings and exhibits establish that plaintiff's condition was treated by the defendants from January 2009 when it first manifested itself, up to the time he was ultimately released from custody.

Plaintiff's complaint, accepted as true for the purposes of this Report, fails to state a claim for deliberate indifference with respect to defendants Neumann and Nolan or anyone else and dismissal on that basis is appropriate.

6

### 3. Supervisory Liability – Defendants Cox and Johnson

Plaintiff has alleged no fault whatsoever with regard to Sheriff Cox and Major Johnson. To the extent that he maintains that these supervisory defendants are liable under a theory of *respondeat superior*, his claim is friovlous. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Plaintiff's claims against Cox and Johnson must be dismissed as frivolous.

### 4. Immunity – The Department of Public Safety and Corrections

Finally, plaintiff has sued the LDOC.  The Louisiana Department  of Public Safety and Corrections is absolutely immune from suit due to the Eleventh Amendment. See *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir.1999). Plaintiff's claims against this agency of the State of Louisiana must be dismissed since the agency is absolutely immune from such claims.

### 5.Conclusion and Recommendation

Plaintiff has not shown that the defendants, Dr. Neumann or Nurse Nolan,  or anyone else, were deliberately indifferent to his serious medical needs. He has shown no fault on the part of

Sheriff Cox or Major Johnson. His claims against these defendants should be dismissed as frivolous and for failing to state a claim for which relief may be granted. Finally, his claim for money damages against the LDOC must be dismissed since this defendant is immune from suit.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and for seeking a money judgment from a defendant who is immune from suit, all  in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

**In Chambers, Monroe, Louisiana, July 8, 2010.**

KAREN L. HAYES
U. S. MAGISTRATE JUDGE